**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FILIBERTO GONZALEZ-RODRIGUEZ,

       Petitioner,

v.                                                     CV 11-0205 MCA/WPL

L. VAUGHN, WARDEN,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Petitioner Filiberto Gonzalez-Rodriguez, who is proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a final removal order that was executed in August of 2003. (Docs. 2, 4.)[1] In response, the Government has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), or in the alternative for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). (Doc.11.) The Government also moves, in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56. (*Id.*) Gonzalez-Rodriguez filed a response to the Government's response. (Doc. 12.)

For the reasons that follow, I recommend that Gonzalez-Rodriguez's petition be dismissed for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND**

Gonzalez-Rodriguez is a native and citizen of Mexico who entered the United States in 1986 and became a lawful permanent resident. (Doc. 4 at 15-16, 27.) In May of 1995, Gonzalez-

---

[1] Gonzalez-Rodriguez's petition is divided into two documents: one that lists his claims (Doc. 2), and another that presents legal arguments (Doc. 4). Gonzalez-Rodriguez's petition will be treated as comprising both documents.

Rodriguez was convicted by a jury in Washington state court of four counts of delivery of a controlled substance and one count of intimidating a witness. (*Id.* at 3, 27.) The Immigration and Naturalization Service subsequently issued an Order to Show Cause and Notice of Hearing alleging that Gonzalez-Rodriguez was subject to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony. (*Id.* at 27-28.) In October of 1995, an immigration judge (IJ) administratively closed the deportation proceedings pending Gonzalez-Rodriguez's direct appeal of his convictions. (*Id.* at 26.) After the convictions were affirmed on direct appeal, *see State v. Gonzalez*, No. 19555-1-II, 1997 WL 450250, at *1 (Ct. App. Wash. Aug. 8, 1997), deportation proceedings resumed in 2003 and Gonzalez-Rodriguez obtained counsel. (*Id.* at 4, 24-25.)

At a hearing before an IJ, counsel requested that Gonzalez-Rodriguez be permitted to seek relief from deportation under 8 U.S.C. § 1182(c).[2] (*Id.* at 4.) Although the IJ indicated that he would issue a written decision, he subsequently denied the request from the bench. (*Id.*) The IJ then asked if Gonzazlez-Rodriguez wished to proceed with a removal order, and Gonzalez-Rodriguez answered "yes." (*Id.* at 5.) The IJ ordered that Gonzalez-Rodriguez be deported to Mexico and asked if Gonzalez-Rodriguez wished to appeal. (*Id.*) Gonzalez-Rodriguez' counsel answered that he did not, and Gonzalez-Rodriguez was deported in August of 2003. (*Id.*; Doc. 11, Ex. 1 at 1-2.)

Gonzalez-Rodriguez is currently incarcerated in the Cibola County Correctional Center in

---

[2] This section provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . ." *I.N.S. v. St. Cyr*, 533 U.S. 289, 295 (2001). Although the section's plain language indicated that it was only applicable in exclusion proceedings, it was long interpreted by the Board of Immigration Appeals as permitting any permanent resident alien with "a lawful unrelinquished domicile of seven consecutive years" to apply for a discretionary waiver from deportation. *Id.* (citation omitted). Between 1989 and 1995, more than 10,000 aliens were granted relief from deportation under 8 U.S.C. § 1182(c). *Id.* at 295-96.

Milan, New Mexico, and challenges his 2003 removal order through his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3]

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, and "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994); *see also Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citation and quotation marks omitted) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."). Although a *pro se* litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), courts still must apply the same legal standards to pleadings by *pro se* litigants. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## DISCUSSION

In his petition, Gonzalez-Rodriguez raises several claims challenging his 2003 removal order. Gonzalez-Rodriguez first argues that he was improperly denied the chance to seek a discretionary waiver of deportation under 8 U.S.C. § 1182(c). (Doc. 4 at 5-8.) After Gonzalez-Rodriguez was convicted in state court but before his convictions were affirmed on direct appeal, Congress repealed § 1182(c) as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009-597 (Sep. 30, 1996). *I.N.S. v. St. Cyr*,

---

[3] Following his 2003 deportation, Gonzalez-Rodriguez returned to the United States and was deported again in July of 2007. (Doc. 11, Exs. 2-3.) The record does not indicate why Gonzalez-Rodriguez is currently incarcerated in New Mexico.

533 U.S. 289, 297 (2001). The Attorney General interpreted the repeal of § 1182(c) as applying retroactively, but the Supreme Court subsequently held that the opportunity of applying for § 1182(c) relief could not be retroactively removed for aliens who were convicted of aggravated felonies as a result of guilty pleas and who "would have been eligible for [§ 1182(c)] relief at the time of their plea under the law then in effect." *Id.* at 326. Following *St. Cyr*, a circuit split has arisen as to whether the retroactive repeal of § 1182(c) relief is impermissible under any circumstances for aliens who were convicted of aggravated felonies before the repeal of § 1182(c) as a result of jury trials, as opposed to guilty pleas. *See Hem v. Maurer*, 458 F.3d 1185, 1186-87 (10th Cir. 2006) (discussing the circuit split).[4] Gonzalez-Rodriguez also claims that: (1) he received ineffective assistance of counsel during his deportation proceedings when his counsel waived his right to appeal; (2) he was deprived of due process rights in his deportation proceedings because the IJ failed to inform him of his right to appeal and of his possible eligibility for relief from deportation under § 1182(c);[5] and, in his response, (3) that he received ineffective assistance of counsel during

---

[4] In *Hem*, the Tenth Circuit held that the opportunity to apply for § 1182(c) relief could not be retroactively eliminated for alien defendants who, before § 1182(c) was repealed: (1) proceeded to trial; (2) were convicted; and (3) then chose not to appeal because of the danger of receiving an increased sentence that would remove the possibility of § 1182(c) relief. 458 F.3d at 1188, 1199-1201 (noting that under § 1182(c), aliens who were convicted of aggravated felonies were still eligible for discretionary relief if they served a term of imprisonment of less than five years). The reasoning behind this holding was that such defendants chose to forego a constitutional right in reasonable reliance on the availability of § 1182(c) relief, which made the section's retroactive repeal impermissible as to these defendants. *Id.* at 1200-01. This holding would not aid Gonzalez-Rodriguez because he did appeal his convictions and does not appear to have forsaken any constitutional right due to his hope of receiving relief from deportation under § 1182(c). Although *Hem* did not address such circumstances, its holding also strongly implies that the retroactive repeal of § 1182(c) was not improper for alien defendants, such as Gonzalez-Rodriguez, who proceeded to trial and *did* appeal their aggravated felony convictions. However, I need not resolve this issue because I find that this Court lacks jurisdiction over Gonzalez-Rodriguez's petition.

[5] This claim is perplexing because Gonzalez-Rodriguez alleges in his petition that the IJ did ask Gonzalez-Rodriguez if he wished to appeal, and also considered and denied his request to seek relief under 8 U.S.C. § 1182(c). (Doc. 4 at 4-5.) Again, however, these apparent contradictions need not be resolved because I find that this Court does not have jurisdiction over Gonzalez-Rodriguez's petition.

his state court criminal proceedings because his counsel failed to advise Gonzalez-Rodriguez that he would be deported if he chose to go to trial and was convicted by a jury. (Doc. 4 at 8-10; Doc. 12 at 2, 5.)

In response, the Government does not address the merits of Gonzalez-Rodriguez's petition. Instead, the Government argues that the petition must be dismissed because this Court does not have subject matter jurisdiction. (Doc. 11 at 2-5.) In support, the Government points to two statutory provisions that were passed as part of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). 8 U.S.C. § 1252(a)(5) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.[6] For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28 . . . .

8 U.S.C. § 1252(a)(2)(c) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) . . . of this title.

The Government argues that each of these provisions independently divests this Court of jurisdiction in this case: § 1252(a)(5) because Gonzalez-Rodriguez's petition challenges an order of removal, and § 1252(a)(2)(c) because Gonzalez-Rodriguez was ordered to be removed due to his conviction of an offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii). (*See* Doc. 11, Ex. 1 at 1.)

---

[6] 8 U.S.C. § 1252(e) provides for limited federal court jurisdiction over cases arising under 8 U.S.C. § 1225(b)(1). Gonzalez-Rodriguez's deportation proceedings did not arise under this section.

In response to the Government, Gonzalez-Rodriguez does not dispute that this Court lacks jurisdiction over his § 1182(c) claim or his due process claim, but he does argue that these provisions do not apply to his ineffective assistance claims because these claims do not seek review of his order of removal "within the meaning of the REAL ID Act." (Doc. 12 at 3-4.) As a result, Gonzalez-Rodriguez contends that this Court still has jurisdiction over his ineffective assistance claims. This argument is based on a Ninth Circuit case in which the court held, as a matter of statutory interpretation, that the jurisdiction-stripping provisions of the REAL ID Act did not apply to an ineffective assistance claim brought in a habeas petition that pertained to a final order of removal. *Singh v. Gonzales*, 499 F.3d 969, 972, 980 (9th Cir. 2007). The petitioner alleged that his counsel was ineffective in failing to file a timely petition for review with the Ninth Circuit after the Board of Immigration Appeals (BIA) had affirmed an IJ's decision and issued a final order of removal. *Id.* at 973. The court found that the REAL ID Act was not meant to preclude the filing of habeas petitions in district courts regarding "challenges to detention that are independent of challenges to removal orders." *Id.* at 978 (emphasis and citation omitted). The court then concluded that the ineffective assistance claim at issue was "independent" in this way because:

> At the time Lawyer 2 filed the late petition for review before this court, the removal order against Singh had become final. The alleged ineffective assistance of Lawyer 2 occurred after the issuance of the final order of removal, and the claimed injury that Singh suffered as a result was the deprivation of an opportunity for direct review of the order of removal in the court of appeals.

*Id.* at 979. The Ninth Circuit held that "a narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal with the court of appeals does not require review of an order of removal," meaning that such claims can still be reviewed by a district court through a habeas petition. *Id.* at 972.

I find Gonzalez-Rodriguez's argument unavailing for several reasons. First, *Singh* is not

6

binding on this Court, and the Tenth Circuit has not held that a class of ineffective assistance of counsel claims fall outside the jurisdiction-stripping provisions of the REAL ID Act. Instead, the Tenth Circuit has stated that "district courts no longer have jurisdiction over habeas petitions challenging orders of removal," and that "Congress' clear intent [was] to have all challenges to removal orders heard in a single forum (the court of appeals)." *Schmitt v. Maurer*, 451 F.3d 1092, 1094-95 (10th Cir. 2006).

Second, even if this Court was bound by the Ninth Circuit, this Court would still not have jurisdiction over Gonzalez-Rodriguez's ineffective assistance claims because they are distinct from the claim at issue in *Singh* and so are not covered by its holding. Neither Gonzalez-Rodriguez's claim regarding his state court counsel nor his claim pertaining to his counsel at deportation proceedings relates to "a post-administrative filing of an appeal with a circuit court of appeals." *Singh*, 499 F.3d at 972. His claim regarding his counsel at deportation proceedings is instead that his counsel improperly waived his right to appeal to the BIA, which means that the alleged ineffective assistance occurred before Gonzalez-Rodriguez's order of removal became final instead of afterward. As a result, it cannot be said, even under the reasoning in *Singh*, that this claim is "independent" of his challenge to the removal order itself.

Finally, this Court could not review Gonzalez-Rodriguez's ineffective assistance claims even if *Singh* did factually and legally apply because the claims are outside this Court's jurisdiction for independent reasons. This Court does not have jurisdiction over Gonzalez-Rodriguez's claim regarding his state court counsel because "[a] petitioner cannot collaterally attack the legitimacy of his state criminal convictions in the deportation proceedings. [Such challenges] are beyond the scope of these proceedings." *Vargas v. Dep't. of Homeland Sec.*, 451 F.3d 1105, 1107 (10th Cir. 2006) (citation and quotation marks omitted); *see also Moreno v. Gonzales*, 206 F. App'x 815, 818-

7

19 (10th Cir. 2006) (unpublished) (citing *Vargas* and holding that the court lacked jurisdiction over a claim of ineffective assistance of counsel at a state court proceeding which resulted in a conviction and prompted the petitioner's deportation proceedings).

As for Gonzalez-Rodriguez's claim regarding counsel at the deportation proceedings, this Court has no jurisdiction because Gonzalez-Rodriguez did not exhaust his administrative remedies. Courts lack jurisdiction over claims challenging a final order of removal if the alien has not "exhausted all administrative remedies available . . . as of right." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) (quoting 8 U.S.C. § 1252(d)(1)). The BIA has a mechanism for hearing claims of ineffective assistance of counsel regarding representation during deportation proceedings, *Osei v. I.N.S.*, 305 F.3d 1205, 1208 (10th Cir. 2002) (referencing *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009)),[7] and Gonzalez-Rodriguez has not alleged that he raised his ineffective assistance claim before the BIA. Because claims of ineffective assistance during deportation proceedings may be raised before the BIA, the Tenth Circuit holds that such claims "cannot be heard by this court in the first instance" and "must first be presented to the [BIA]." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005) (quoting *Osei*, 305 F.3d at 1208)). Since Gonzalez-Rodriguez did not present his ineffective assistance claim before the BIA, this Court has no jurisdiction over it. *See Soberanes v. Comfort*, 388 F.3d 1305, 1309-10 (10th Cir. 2004) ("Neglecting to take an appeal to the BIA constitutes a failure to exhaust administrative remedies as to any issue that could have been raised, negating the jurisdiction necessary for subsequent judicial review.").

---

[7] There is no right to appointed counsel in deportation proceedings, but aliens can establish a due process violation under the Fifth Amendment if they can show that ineffective assistance deprived them of a fundamentally fair proceeding. *Osei*, 305 F.3d at 1208. The mechanism first created by the BIA in *Lozada* reviews such due process claims of ineffective assistance. *Id.*

Due to the REAL ID Act and the foregoing discussion, I find that this Court lacks jurisdiction over Gonzalez-Rodriguez's petition and recommend that it be dismissed on this basis. However, Gonzalez-Rodriguez states in his response that "the district can in its own motion refer this matter to court of appeals [sic] for further litigation." (Doc. 12 at 5.) I will construe this statement as a request to transfer his petition to the Ninth Circuit[8] and consider whether Gonzales-Rodriguez's request should be granted.

28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

When "[a] court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, [t]he correct course . . . [is] to transfer the action pursuant to [§ 1631]." *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (citation and quotation marks omitted). Circuit courts have approved the transfer by § 1631 of erroneously filed habeas petitions that sought review of final orders of removal, *see, e.g., Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003), and failing to evaluate the possibility of transfer pursuant to § 1631 can constitute an abuse of discretion. *Trujillo*, 465 F.3d at 1223.

Although the Government has not replied to Gonzalez-Rodriguez's transfer request, it did state in its response that the only review a circuit court can exercise over a final order of removal

---

[8] The "appropriate" court of appeals for judicial review of an order of removal pursuant to 8 U.S.C. § 1252(a)(5) is the "court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Gonzalez-Rodriguez's deportation proceedings occurred in Seattle, Washington, which is located within the Ninth Circuit. (Doc. 4 at 24.)

9

based on an aggravated felony conviction is "to determine if the alien filing the [Petition for Review] has, in fact, been convicted of an aggravated felony." (Doc. 11 at 4.) This is an incorrect statement of law. 8 U.S.C. § 1252(a)(2)(D) provides that: "[n]othing in . . . any . . . provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." Under this exception to the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(c), circuit courts have considered claims challenging removal orders based on aggravated felony convictions that raised legal or constitutional questions. *See, e.g., Rosas-Castaneda v. Holder*, 630 F.3d 881, 885 (9th Cir. 2011) ("This Court has jurisdiction to review the petition's constitutional and legal claims pursuant to 8 U.S.C. § 1252(a)(2)(D)."); *Solorzano v. Holder*, 349 F. App'x 286, 289 (10th Cir. 2009) (unpublished) (considering procedural and substantive due process claims after citing 8 U.S.C. § 1252(a)(2)(D)).

While 8 U.S.C. § 1252(a)(2)(D) would therefore permit the Ninth Circuit to consider Gonzalez-Rodriguez's claims on the merits, I find that transfer is nonetheless inappropriate. Transfer under 28 U.S.C. § 1631 is permitted only to a "court in which the action . . . could have been brought at the time it was filed," and the Ninth Circuit would lack jurisdiction to review Gonzalez-Rodriguez's petition because, among other reasons, it would be time-barred. A petition for judicial review of a final order of removal must be filed in the appropriate circuit of appeals no later than thirty days after the date of the order. 8 U.S.C. § 1252(b)(1). "This time limit is 'mandatory and jurisdictional' and 'not subject to equitable tolling.'" *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (quoting *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995)). An order of removal becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek

10

review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(47)(B). To appeal a decision to the BIA, an alien must file a Notice of Appeal with the BIA "within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision." 8 C.F.R. § 1003.38(b).

Although the precise date that Gonzalez-Rodriguez's removal order became final is not clear from the record, a Warrant of Removal/Deportation issued on August 28, 2003 indicates that Gonzalez-Rodriguez was subject to removal at that time "based upon a final order by an immigration judge in deportation or removal proceedings." (Doc. 11, Ex. 1 at 1.) The removal order was therefore final by August 28, 2003. (Doc. 11, Ex. 1 at 1.) Gonzalez-Rodriguez did not file his petition to this Court until March 4, 2011, more than seven years later. (Docs. 2, 4.) Because Gonzalez-Rodriguez's petition would not have been timely if it had been properly filed as a petition for review in the Ninth Circuit, I recommend that his request for transfer be denied. *See Ojeda v. United States Dep't of Homeland Sec.*, No. 09-56837, 2011 WL 560427, at *1 (9th Cir. Feb. 15, 2011) (holding that a habeas petition challenging a final order of removal could not have been transferred to the Ninth Circuit because it was filed more than thirty days after the final order was entered); *Lema v. United States Dep't of Homeland Sec.*, 365 F. App'x 974, 976 (10th Cir. 2010) (citation omitted) (unpublished) (concluding that since a habeas petition "was filed more than twenty years after the 1988 order of deportation, no court of appeals had jurisdiction to entertain it, and transfer would have been improper.").

## CONCLUSION

For the reasons stated above, I recommend that:

1) Gonzalez's petition be dismissed without prejudice due to lack of subject matter jurisdiction; and

2) his request to transfer his petition be denied.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge